*1197 BLACK, Circuit Judge:
Bernard Adams appeals his sentence imposed after he pled guilty in 2001 to one count of knowingly and intentionally possessing with intent to distribute more than fifty grams of cocaine base. Appellant had two prior convictions — in 1994 and 1997 — for carrying concealed weapons. These prior convictions constitute “crimes of violence” within the meaning of the career offender sentencing guideline. See U.S.S.G. §§ 4B1.1, 4B1.2; United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir.1998). Accordingly, Appellant was treated as a career offender, which placed him in Criminal History Category VI, and consequently sentenced under the Guidelines to 262 months’ imprisonment.[1] At his sentencing hearing, Appellant sought a downward departure, claiming his criminal history was seriously overrepresented. The district court denied his motion. He now appeals, raising the following issue: “Did the trial court correctly determine that it did not have the legal authority to downward depart where the trial court agreed that the defendant’s criminal history was less serious than other Category VI defendants?”
As an initial matter, we note that a defendant may not usually appeal a district court’s refusal to depart downward. United States v. Baker, 19 F.3d 605, 614-15 (11th Cir.1994). There is an exception to this rule, however, for those cases in which the court erroneously believed it lacked authority to depart. Id. at 615. Appellant claims the district court did not recognize its authority to depart downward in his case.
At the sentencing hearing, the district court stated the following:
All right. I’m not going to depart downward. The reason is this: First, it is clear that the career offender provision applies. Second, I do have discretion to depart downward on the conclusion that the criminal history substantially overrepresents the seriousness of the defendant’s criminal history.
But it is clear that I can depart downward even in a career offender situation on the conclusion that the criminal history ranking overrepresents the seriousness of a defendant’s history. That’s established by United States v. Webb, 139 F.3d 1390, an Eleventh Circuit 1998 case.
So, I recognize the discretion. I choose not to depart downward. I do so based on this analysis:
And let me preface my remarks by saying that part of this is a legal analysis. I recognize that the law ordinarily is that a discretionary determination not to depart is not reviewable, but part of my analysis is based on this legal analysis, which seems to me is a legal issue of the kind that ordinarily is reviewable.
It seems to me that in exercising my discretion, the comparison I should make is not between Mr. Adams on the one hand and the ordinary or usual Category VI defendant. The ordinary or usual Category VI defendant most of the time is somebody who has run up 12 criminal history points. It seems to me, however, that the proper comparison for me is between Mr. Adams, on the one hand, and the ordinary or usual person who gets a Category VI because he *1198 meets the career offender provision. That is, it seems to me that the Congress and the Sentencing Commission have made the decision that somebody-gets moved into Category VI as a result of having two prior qualifying offenses.
So, if I look at Mr. Adams and I say, “How is Mr. Adams’ criminal history compared to most people I see who are Category VI?” it’s a lesser history. He got three points. People in Category VI got 12 or more. They usually have a more extensive' — they do have a more extensive criminal history.
On the other hand, if I look at Mr. Adams compared to the ordinary, the heartland case, where somebody had the level increased because they were a career offender, my conclusion is that Mr. Adams is not outside of the heartland. There are a number of cases I see where people have two qualifying offenses; and, as a result of two or more qualifying offenses, they are treated a career offender [sic]. That is precisely what the Congress and the Sentencing Commission intended. And so, if I look at this and I say, “I’m going to compare the defendant to the ordinary category of Criminal History Category VI,” then what I have done essentially is to override essentially the legislative determination that somebody with two qualifying offenses should be treated more harshly.
So, if I’m wrong about that, then ..., it seems to me the Eleventh Circuit ought to tell me I’m wrong in that approach, and I will be happy to look at the question of whether I would depart downward for Mr. Adams, because I think his criminal history is not as substantial as the heartland defendant who has a Category VI.
The transcript of the sentencing hearing reveals two things: (1) the district court did recognize it had the discretion to depart downward, assuming there was an appropriate basis for doing so in Appellant’s case; and (2) it made its decision not to depart downward based upon a legal interpretation of the correct “heartland” against which to compare Appellant when deciding whether his criminal history was overrepresented. The district court was quite clear it possessed the discretion to depart downward. This is not a case in which the district court was “bewildered and ambivalent as to whether the guidelines authorized a downward departure.” United States v. Webb, 139 F.3d 1390, 1394 (11th Cir.1998). To the contrary, the district court expressly noted its discretion to depart in three separate statements. At most, the district judge appeared to be ruminating about the need for guidance from this Court as to which group of defendants — all Category VI defendants or only those defendants placed in Category VI by virtue of being career offenders under U.S.S.G. § 4B1.1 — served as the appropriate heartland against which to compare Appellant in deciding whether to exercise his undoubted discretion to depart downward.
Despite the district court’s recognition of its discretion to depart downward, we nonetheless review Appellant’s sentence. We do so because, while the district court raised an interesting legal question, it was the wrong question to ask on the facts of this case. It appears the district court applied the wrong guideline when it analyzed Appellant’s motion for a downward departure under U.S.S.G. § 5K2.0. This Court has always recognized the distinction between guided and unguided departures. United States v. Smith, 289 F.3d 696, 710 (11th Cir.2002). Unguided departures, which proceed under U.S.S.G. § 5K2.0, are those not explicitly provided for in the Guidelines — i.e., *1199 they are departures for cases falling outside the heartland created by, inter alia, the guided departures established by the Sentencing Commission in formulating the Guidelines. Id. Analysis under U.S.S.G. § 5K2.0 is unnecessary where the Guidelines provide a specific basis for the relevant departure. United States v. Hoffer, 129 F.3d 1196, 1201 (11th Cir.1997).
Downward departures for overrepresen-tation of criminal history are specifically provided for in U.S.S.G. § 4A1.3. Smith, 289 F.3d at 710 (“[T]he only permissible basis for a criminal history departure based on overrepresentation in this case was under U.S.S.G. § 4A1.3, and not under U.S.S.G. § 5K2.0.”). The district court therefore conducted the incorrect analysis when it denied Appellant’s motion for a downward departure.
Even under U.S.S.G. § 4A1.3, however, Appellant would not receive a downward departure. As we explained in United States v. Rucker, 171 F.3d 1359, 1363 (11th Cir.1999), and United States v. Phillips, 120 F.3d 227, 232 (11th Cir.1997), U.S.S.G. § 4A1.3 is concerned with the pattern or timing of prior convictions. See also Smith, 289 F.3d at 713. Appellant’s criminal history differs from the benchmark given in the commentary to the Guidelines: “An example [of when a downward departure is warranted] might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.” U.S.S.G. § 4A1.3, p.s. Appellant’s 1994 and 1997 concealed weapons offenses are not so temporally remote from his instant offense. In addition, there is evidence of intervening criminal behavior beyond the two concealed weapons offenses that rendered Appellant a career offender. When we look to the pattern or timing of Appellant’s prior criminal behavior, we do not think his career offender status seriously overrepresents his criminal history. Even under U.S.S.G. § 4A1.3, Appellant’s motion for a downward departure would have been denied.
Based upon a full review of the record, we conclude the district court did not abuse its discretion in denying Appellant’s motion for a downward departure.
AFFIRMED.

. At his sentencing, Appellant objected that his concealed weapons offenses were not crimes of violence. That objection is contrary to this Court’s holding in Gilbert, which we will not revisit here. Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir.1997) ("The law of this circuit is ‘emphatic’ that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision.”).