**UNITED STATES of America,**
**Plaintiff,**

v.

**James HIMICK, Defendant.**

**No. 03–20764–CIV–MOORE.**

United States District Court,
S.D. Florida,
Miami Division.

Oct. 4, 2004.

Benjamin Greenberg, Assistant United States Attorney, Jonathan E. Lopez, Assistant United States Attorney, United States Attorneys Office, Miami, FL, for Plaintiff.

David Alschuler, Esq., Miami, Marissa Mendez, Esq., Coral Gables, FL, for Defendant.

### ORDER DENYING UNOPPOSED MOTION FOR DOWNWARD DEPARTURE

K. MICHAEL MOORE, District Judge.

THIS CAUSE is before the Court upon Defendant James Himick's Unopposed Motion For Downward Departure (DE # 30).

UPON CONSIDERATION of the motion and being fully advised in the premises, and as explained more fully below, Defendant Himick's Unopposed Motion For Downward Departure (DE # 30) is DENIED.

#### A. Introduction

On December 1, 2003, pursuant to a plea agreement with the Government, Defendant Himick entered a plea of guilty to a felony count of distributing MDMA (commonly referred to as Ecstasy), in violation of Title 21 U.S.C. § 841. Following the defendant's guilty plea, a pre-sentence investigation report ("PSI") was prepared. The PSI determined that Himick was a career offender and as such, had a total offense level of 29 and a criminal history category of VI, resulting in guideline imprisonment range of 151–188 months. Although advised by the Court during the plea hearing that he faced a maximum of thirty years imprisonment,[1] Himick moved to withdraw his guilty plea once it was determined in the PSI that Himick, as a career offender, faced a sentence ranging from approximately twelve to fifteen years. On April 29, 2004, this Court, finding that Himick had not shown a fair and just reason to withdraw his guilty plea, denied his motion to withdraw his plea.

In the instant Motion, Himick asks this Court to grant a downward departure. Himick argues that because his prior felony convictions were for street-level drug sales of small amounts of drugs for small amounts of money, his criminal history category substantially over-represents the seriousness of his criminal history and/or the likelihood he will commit other crimes. In support of his Motion, Himick asserts that: (1) his counsel erred in failing to recognize that Himick may qualify as a career offender; (2) his co-defendants received lighter sentences, resulting in a wide disparity in sentences imposed for similar criminal offenses committed by similar offenders; and (3) the presence of mitigating factors, such as the defendant's youth, the physical and mental abuse he suffered as a child, and the absence of a suitable father figure, weigh in favor of a downward departure.

#### B. Discussion

The Eleventh Circuit recognizes a distinction between guided and unguided departures. *United States v. Adams*, 316 F.3d 1196, 1198 (11th Cir.2003) (citing *United States v. Smith*, 289 F.3d 696, 710 (11th Cir.2002)). Unguided departures, which proceed under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5K2.0, are those not explicitly provided for in the Guidelines. *See id.* at 1199. Analysis under U.S.S.G. § 5K2.0 is unnecessary where the Guidelines provide a guided departure, i.e., a specific basis for the relevant depar-

---

1. The actual maximum sentence Himick faces under 21 U.S.C. § 841(b)(1)(c) is twenty years.

ture. *Id.* (citing *United States v. Hoffer,* 129 F.3d 1196, 1201 (11th Cir.1997)).

### 1. Guided Departures under U.S.S.G. § 4A1.3

Downward departures for overrepresentation of criminal history are specifically provided for in U.S.S.G. § 4A1.3. *Smith,* 289 F.3d at 710 ("The only permissible basis for criminal history departure based on overrepresentation in this case was under U.S.S.G. § 4A1.3, and not under § 5K2.0."). U.S.S.G. § 4A1.3 "is concerned with the pattern or timing of prior convictions." *Adams,* 316 F.3d at 1199 (citations omitted). The standard for downward departure under this section is clear: "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1).

■ In this case, Himick's criminal history substantially differs from the benchmark given in the Guidelines commentary. The commentary states that a "downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3, cmt. n. 3 (2004). Here, Himick has at least two prior felony convictions within two years of the instant offense: (1) in 2002, for the sale or possession with intent to deliver cannabis; and (2) in April 2003, for the sale or delivery of a controlled substance. Himick's April 2003 conviction occurred only a few months before he sold Ecstasy to undercover agents, resulting in the current indictment and guilty plea. In fact, in May 2004, Himick was sentenced to two years imprisonment for a state probation violation that occurred as a result of Himick committing the instant offense. Therefore, that Himick was on probation for his prior felony convictions when he committed the instant offense alone demonstrates that his prior offenses "are not so temporally remote from his instant offense," that a downward departure would be warranted. *See Adams,* 316 F.3d at 1199. Furthermore, as evidenced in the PSI, these prior convictions are not alone on Himick's record; Himick has been arrested no less than fifteen times in the six years leading up to his federal arrest.

■ The policy statement for U.S.S.G. § 4A1.3 is concerned with the pattern or timing of prior convictions, not with the facts of the individual prior crimes. *Smith,* 289 F.3d at 713 (citing *United States v. Rucker,* 171 F.3d 1359, 1363 n. 8 (11th Cir.1999)) (reversing downward departure where stated basis for departure was that the prior crimes involved small amounts of drugs and were therefore "very minor"); *United States v. Phillips,* 120 F.3d 227, 231–32 (11th Cir.1997) (reversing downward departure from criminal history category VI to II, rejecting defendant's contention that the circumstances surrounding a prior conviction can be considered in U.S.S.G. § 4A1.3). Himick's contends that his prior felony convictions, which are controlled substances offenses, were for street-level drug sales of small amounts of drugs for small amounts of money, and therefore seriously over-represent the seriousness of his criminal history. However, the facts of Himick's prior crimes are not relevant in determining whether a departure is warranted under U.S.S.G. § 4A1.3. Clearly Himick's past convictions demonstrate a continuing pattern of crime over the past six years.

While it is within this Court's discretion to grant a downward departure, given the

pattern and timing of Himick's criminal behavior, this Court finds that his career offender status does not seriously over-represent his criminal history. Therefore, a downward departure is not warranted on these grounds.

### 2. Unguided Departures under U.S.S.G. § 5K2.0

■ A court may grant an unguided downward departure under U.S.S.G. § 5K2.0 when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0 (2004); *Smith*, 289 F.3d at 710. In determining whether to grant such a departure, the district court considers two issues: (1) whether any factor makes the case atypical, meaning that it takes the case out of the "heartland" of cases involving the conduct described in the applicable guideline; and (2) whether that factor should result in a different sentence. *United States v. Regueiro*, 240 F.3d 1321, 1324 (11th Cir. 2001). Any factor that removes the case from the heartland of the Guidelines and warrants a downward departure must be supported by evidence in the record. *See, e.g., United States v. Onofre–Segarra*, 126 F.3d 1308, 1312 (11th Cir.1997) (vacating sentence where evidence did not support grant of downward departure under § 5K2.0). Himick asserts that three separate factors warrant departure in this case: (1) his counsel erred in failing to recognize that he may qualify as a career offender; (2) his co-defendants received lighter sentences, resulting in a wide disparity in sentences imposed for similar criminal offenses committed by similar offenders; and (3) the presence of mitigating factors, such as his youth, the physical and mental abuse he suffered as a child, and the absence of a suitable father figure. The Court will address each of these factors.

#### a. Ineffective Assistance of Counsel

■ In his Motion, Himick's counsel "confesses error in that at no time prior to the entry of the plea was he ever aware that the Defendant qualified as a career offender and thus at no time discussed that possibility with the Defendant prior to the entry of the plea." Motion ¶ 17. To the extent that this statement seeks a downward departure based on ineffective assistance of counsel, the Court refers to its Order dated April 29, 2004, in which the Court concluded that "counsel's failure to advise Himick that he may be classified as a career offender does not amount to ineffective assistance of counsel." Order at 4. Therefore, the Court need not consider whether ineffective assistance of counsel removes this case from the heartland of the Guidelines, as it has already determined that there has not been ineffective assistance of counsel. Moreover, a downward departure based on ineffective assistance of counsel is impermissible.[2]

**2.** Although the Eleventh Circuit has not ruled on the issue, other courts have held that ineffective assistance of counsel is not a basis for a downward departure at sentencing. *See, e.g., United States v. Bicaksiz*, 194 F.3d 390, 398 (2d Cir.1999) ("A downward departure on ineffective assistance grounds is impermissible because it simultaneously assumes the validity of a defendant's conviction and conspicuously calls its validity into doubt."); *United States v. Martinez*, 136 F.3d 972, 980 (4th Cir.1998) (holding that "a downward departure based on ineffective assistance of counsel is impermissible because it would be inconsistent with the structure and theory of the relevant guidelines").; *United States v. Crippen*, 961 F.2d 882, 885 (9th Cir.), cert. denied, 506 U.S. 965, 113 S.Ct. 438, 121 L.Ed.2d 358 (1992) (finding nothing in the Sentencing Reform Act to indicate that ineffective assistance of counsel is a proper basis for departure).

### b. Disparity Between Sentences of Co–Defendants

As additional grounds warranting a downward departure, Himick points to the sentences received by his co-defendants, Sayed Bukhari (03–20664–CR–Moreno) and Kevin Olivera (03–20668–CR–Seitz). Both of Himick's co-defendants had prior criminal records,[3] and both were indicted for distributing Ecstasy in the same Club Space investigation. Ultimately, Bukhari pled guilty to possession of Ecstasy and was sentenced to sixty days imprisonment followed by one year of supervised release. Olivera was sentenced to one year in the county jail for violating the terms and conditions of probation, and also pled guilty to possession of Ecstasy and sentenced to two years probation.

■ While this Court recognizes the disparity of Bukhari and Olivera's sentences, and the sentence Himick now faces, the Eleventh Circuit has "concluded that 'the Sentencing Commission fully anticipated sentencing disparity between defendants involved in the same offense,' so as to adjust a sentence for that reason without specifying a factor adequately considered by the Guidelines is impermissible." *Smith*, 289 F.3d at 714 (citing *United States v. Chotas*, 968 F.2d 1193 (11th Cir. 1992)). The Court of Appeals reasoned that "to adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." *Id.* (citing *Chotas*, 968 F.2d at 1198). Based on

this Eleventh Circuit authority, this Court has considered whether the disparity in the sentences among these co-defendants removes this case from the heartland of the Guidelines, and concludes that it would be inappropriate as a matter of law for this Court to depart under U.S.S.G. § 5K2.0 on the basis of the alleged disparity between the sentence Himick may receive and the sentences his co-defendants have already received.

### c. Other Possible Mitigating Factors

■ In further support of his Motion, Himick points to his youth, the emotional and physical abuse he suffered as a child, and the absence of a father figure in his life, as mitigating factors weighing in favor of a downward departure. The Court has the discretion to grant a downward departure based on these offender characteristics and circumstances, but only if such characteristics or circumstances are "present to an exceptional degree." U.S.S.G. § 5K2.0(a)(4). Here, these circumstances are not present to "an exceptional degree." Even when considered together, these characteristics and circumstances do not make this case atypical, and do not take this case out of the heartland of cases involving the conduct described in the applicable guidelines. *See* U.S.S.G. § 5K2.0(c).

First, U.S.S.G. § 5H1.1 of the Sentencing Guidelines unambiguously provides that "[a]ge (including youth) is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Although this section

---

**3.** Tellingly, although Himick's Motion points out that both of his co-defendants have prior criminal records, Himick fails to state whether these two co-defendants qualify as career offenders. At the February 19, 2004 sentencing hearing held before this Court, the Government acknowledged that Himick's co-defendants were not classified as career of-

fenders under the Guidelines. Feb. 19, 2004 Hr'g Tr., at 7. So while the criminal offenses committed by Himick's co-defendants *may* be similar to the instant offense committed by Himick, the three defendants are not "similar offenders." Himick is a career offender, and thus, a higher criminal history category is warranted.

does not specifically prohibit departures based on age, it proscribes departures absent extraordinary circumstances. Himick's age does not present an extraordinary circumstance which would warrant a departure from the Guidelines.[4]

Second, U.S.S.G. § 5H1.3 provides that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Factual allegations by Himick that he was physically and emotionally abused during his childhood, while unfortunate, are not the type of extraordinary mental and emotional conditions that warrant downward departures under § 5H1.3.

Third, as to Himick's claim that he lacked a father or a suitable father figure during his childhood, the Court looks to U.S.S.G. § 5H1.12, which provides that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range." In fact, lack of guidance as a youth and similar circumstances is listed among the "prohibited departures" under U.S.S.G. § 5K2.0(d). Therefore, Himick's lack of a suitable father figure is not a relevant ground for imposing a sentence outside the applicable range.

In conclusion, the Court finds that none of the factors asserted by Himick warrant a departure from the applicable guideline range. The offense characteristics are not of a kind, nor to a degree, which are not already addressed in the Guidelines when determining the applicable range. Furthermore, so far as Himick's Motion points to circumstances not ordinarily relevant to sentencing, the Court finds that a departure is not warranted; this is not an exceptional case and no circumstance is present to an exceptional degree.

C. Conclusion

Accordingly, as Defendant Himick has not presented valid or compelling reasons why this Court should grant a downward departure from the applicable guideline range, Defendant Himick's Unopposed Motion For Downward Departure (DE #30) is DENIED.

---

4. See U.S.S.G. § 5H1.1 cmt.; see also United States v. Caldwell, 219 F.3d 1186 (10th Cir. 2000) (holding that district court abused it discretion in departing downward from career offender guideline based on drug defendant's relatively young age at time of prior convictions, since nothing in record suggests defendant's age at time of convictions bears upon his likely recidivism to any exceptional degree pursuant to § 5H1.1, or places him outside the "heartland" of career offenders); United States v. Shoupe, 929 F.2d 116 (3d Cir.1991) (finding that "[y]outhfulness and immaturity" of defendant at the time defendant committed 2 of 3 prior offenses used to qualify defendant as a career offender did not justify downward departure under § 5H1.1, since the fact defendant was 18 years old at time of offenses was not extraordinary).