[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 19, 2006
THOMAS K. KAHN
CLERK

No. 05-14003
Non-Argument Calendar
_____

D. C. Docket No. 05-20103-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOYA DIONNE RAMEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 19, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

On January 20, 2005, appellant arrived at Miami International Airport

aboard an American Airlines flight from Kingston, Jamaica. A drug dog alerted to her person, and federal agents searched her. She was carrying a package containing 326 grams of cocaine. A federal grand jury thereafter returned a two-count indictment charging her in Count 1 with importing a substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(b), and in Count 2 with possessing such substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Appellant plead guilty under a plea agreement to the Count 1 offense, and the district court sentenced her to a prison term of 33 months. She now appeals her sentence.

Appellant asks us to vacate her sentence and remand the case for resentencing on two grounds: (1) the district court erred in refusing to grant a downward adjustment from the prescribed Guidelines sentence range under U.S.S.G. § 5K2.12; and (2) the court clearly erred in refusing to reduce her offense level under U.S.S.G., § 3B1.2. We consider these grounds in turn.

Section 5K2.12 authorizes the court to depart downward "[i]f the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." The problem appellant faces in pursuing her first ground that the court erred in applying § 5K2.12 is that we lack jurisdiction to review a district court's refusal to depart downward unless the

2

district court erroneously believed that it lacked authority to depart. United States v. Adams, 316 F.3d 1196, 1197 (11th Cir. 2003). In this case, the court was well aware of its authority to depart; thus, we lack jurisdiction to consider appellant's first ground.

Appellant claims that the court erred in considering whether to grant her § 3B1.2 relief because it applied a per se preclusive rule instead of the two-part analysis established in United States v. DeVaron, 175 F.3d 930 (11th Cir. 1999). Section 3B1.2 provides for a two to four-level decrease in offense level based on a defendant's role in the offense. U.S.S.G. § 3B1.2. A defendant can receive a four-level reduction if determined to be a minimal participant in the offense, a two-level reduction if a minor participant, and a three-level reduction if her role falls between a minimal and minor participant. Id. The application notes to § 3B1.2 provide that a minimal participant is a defendant "who plays a minimal role in concerted activity" and is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, App. Note 4. A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, App. Note 5. The commentary further indicates that a defendant "who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is

3

accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline." U.S.S.G. § 1B1.3, App. Note 3(A).

In considering a defendant's role in an offense, a district court first must "measure the defendant's role against the relevant conduct for which she was held accountable at sentencing." Id. at 945. "[I]n many cases, this method of analysis will be dispositive." Id. "Second, the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." Id.

The proponent of the downward adjustment has the burden of proving a mitigating role in an offense by a preponderance of the evidence. Id. at 939. "[A] defendant's status as a drug courier does not alter the principle that the district court [first] must assess the defendant's role in light of the relevant conduct attributed to her." Id. at 942. "[W]hen a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-943.

The district court's determination that appellant did not play a minor role in her offense was not clearly erroneous because she played an essential role by

transporting the drugs in to the United States.   Given this circumstance, her

sentence is due to be, and is,

AFFIRMED.