[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11488
Non-Argument Calendar

_____

D. C. Docket No. 06-00205-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN LAMAR ARCHER,
a.k.a. Bookbag,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 19, 2007)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Bryan Lamar Archer appeals his 188-month sentence for drug trafficking.

Archer argues that the district court erred in determining that he qualifies as a career offender, pursuant to United States Sentencing Guidelines § 4B1.1, based, in part, on a prior conviction for carrying a concealed weapon. For the reasons stated below, we affirm.

## I. BACKGROUND

A federal grand jury returned an indictment charging Archer with conspiracy to distribute and possess with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) (count 1), distribution of crack cocaine (count 2), distribution of five or more grams of crack cocaine (counts 3 and 4), and possession with intent to distribute five or more grams of crack cocaine (count 5) all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Archer pleaded guilty to these charges.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSI"). In the PSI, the probation officer determined that Archer's prior conviction for carrying a concealed weapon constituted a "crime of violence" pursuant to U.S.S.G. § 4B1.2(a) and that his prior Florida felony conviction for selling crack cocaine was a "controlled substance offense" pursuant to U.S.S.G. § 4B1.2(b), thus making Archer a "career offender" under U.S.S.G. § 4B1.1(a). The probation officer therefore recommended an enhanced total offense level of 31,

after reducing the level for acceptance of responsibility, and an enhanced criminal history category of VI and calculated an advisory guidelines range of 188 to 235 months' imprisonment.

At his March 2007 sentencing hearing, Archer objected to the probation officer's determination that his prior conviction for carrying a concealed weapon constituted a "crime of violence" under U.S.S.G. § 4B1.2(a). The district court overruled the objection and adopted the probation officer's determination that Archer is a career offender pursuant to U.S.S.G. § 4B1.1(a). The district court sentenced Archer to 188 months' incarceration. This appeal follows.

## II. DISCUSSION

We review the district court's application of the Sentencing Guidelines de novo. United States v. Spell, 44 F.3d 936, 938 (11th Cir. 1995).

A defendant qualifies as a career offender if

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). A "crime of violence" as used in subsection (2) is defined in section 4B1.2 as

any offense under federal or state law, punishable by imprisonment for

3

a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Archer argues that the crime of carrying a concealed weapon does not sufficiently present a "potential risk of physical injury to another" to satisfy this definition of crime of violence and that the district court therefore erred in considering him a career offender. Archer concedes, however, that this argument is foreclosed by binding precedent of this court.

In United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998), this court addressed this very issue and concluded that carrying a concealed weapon in violation of Florida law is a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(2), and that a prior conviction for such a crime may appropriately determine career offender status for sentencing purposes. This court reiterated that holding in United States v. Adams, 316 F.3d 1196,1197 (11th Cir. 2003) and refused to revisit an issue so definitively decided previously. Adams emphasized that "[t]he law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." *Id*. at 1197 n.1 (*quoting* Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997)).

We rely on the established law of this court and conclude that the district

4

court correctly determined that Archer's previous conviction for carrying a concealed weapon constitutes a "crime of violence" and that based on that prior conviction, along with his other prior conviction for a "controlled substance offense," he may be considered a career criminal under U.S.S.G. § 4B1.1(a). The district court therefore did not err by sentencing Archer as a career criminal pursuant to U.S.S.G. § 4B1.1.

## III. CONCLUSION

For the foregoing reasons, Archer's sentence is **affirmed.**