[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14041
Non-Argument Calendar

_____

D. C. Docket No. 06-60262-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN GIOVANY ALAS,
a.k.a. Giovany Lionel Rodriguez,
a.k.a. Franklin Alas,
a.k.a. Franklin Alas Giovani,
a.k.a. Roberto Casas-Flores,
a.k.a. Roberto Cass,
a.k.a. Roberto Flores-Cass,
a.k.a. Roberto Flores-Case,
a.k.a. Roberto Cases,
a.k.a. Roberto Cases-Flores,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2008)

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Franklin Alas appeals his 73-month sentence imposed after he pled guilty to one count of illegal reentry into the United States after being deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Alas argues that (1) the district court erred in denying a downward departure pursuant to U.S.S.G. § 4A1.3, and (2) his sentence was greater than necessary to comply with the goals of 18 U.S.C. § 3553(a).

***Denial of downward departure***

Alas argues that his criminal history category over-represented the seriousness of his criminal history, as illustrated in the commentary to U.S.S.G. § 4A1.3, but that the district court did not understand its authority to depart downward from the guidelines range on that basis. Alternatively, Alas argues that the basis for the district court's denial of a departure was vague and that, therefore, a remand is required.

We generally do not review a district court's denial of a downward departure from the guidelines range, except in cases where the district court incorrectly believed that it did not have authority to depart. *United States v. Adams*, 316 F.3d 1196, 1197-98 (11th Cir. 2003). After *United States v. Booker*, 543 U.S. 220, 246,

2

125 S. Ct. 738, 757 (2005), which held that the Sentencing Guidelines were advisory, we reaffirmed that we have no jurisdiction to review a district court's decision not to depart downward. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).

"If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1). "A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3, comment. (n.3).

A review of the record reveals that the district court understood its authority to depart from the guidelines range pursuant to U.S.S.G. § 4A1.3(b), but chose not to depart. In addition, the record reflects that the district court clearly stated its basis for denying the departure. Accordingly, we conclude that we lack jurisdiction to review the denial of Alas's motion for downward departure, and we dismiss his appeal as to this issue.

***Substantive Reasonableness***

3

Alas argues that his sentence was greater than necessary to comply with the statutory goals of 18 U.S.C. § 3553(a). He argues that a lower sentence would have been sufficient in light of his criminal history, the nature and circumstances of the offense, and his history and characteristics. Alas also argues that the district court failed to consider the mitigating circumstances of his personal background.

We review the final sentence imposed by the district court for reasonableness. *Booker*, 543 U.S. at 264, 125 S. Ct. at 767. Unreasonableness may be procedural – when a court's procedure does not follow the requirements of *Booker* – or substantive. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

For a sentence to be procedurally reasonable, a district court must first correctly calculate the range under the Guidelines and then must consider the factors set forth in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.*

If the district court committed no significant procedural error, we evaluate a sentence's substantive reasonableness under an abuse-of-discretion standard, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. ___,

4

___, 128 S. Ct. 586, 597 (2007).  Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care.  *See* 18 U.S.C. § 3553(a)(2).  The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a)(1), (3)-(7).  The burden of showing that a sentence is unreasonable is on the party challenging the sentence.  *Talley*, 431 F.3d at 788.  There is a range of reasonable sentences, and we ordinarily expect a sentence in the guideline range to be reasonable.  *Id.*

After reviewing the record and reading the parties' briefs, we conclude that the district court correctly calculated the guideline range, considered the 18 U.S.C. § 3553(a) factors, and heard Alas's arguments in mitigation.  Moreover, we

conclude that the district court did not abuse its discretion in finding that a sentence four months below the applicable guideline range was necessary to comply with the purposes of § 3553(a).  Accordingly, we affirm Alas's sentence.

**DISMISSED IN PART; AFFIRMED IN PART.**