UNITED STATES of America,
Plaintiff–Appellee,

v.

ROBERT J. RIGGS, a/k/a the Prophet,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

ROBERT J. RIGGS, a/k/a Robert
Johnson, a/k/a Prophet,
Defendant–Appellant.

Nos. 90–9108, 90–9129.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1992.

See also 743 F.Supp. 556.

Paul S. Kish, Federal Defender Program, Inc., Atlanta, Ga. for defendant-appellant.

Eric M. Lieberman, Nicholas E. Poser, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City, Harvey A. Silverglate, Sharon L. Beckman, Boston, Mass., for amicus curiae Electronic Frontier Foundation.

Kent B. Alexander, Asst. U.S. Atty., Randy S. Chartash, Atlanta, Ga., for plaintiff-appellee.

Before EDMONDSON and COX, Circuit Judges, and MERHIGE *, Senior District Judge.

* Honorable Robert R. Merhige, Jr., Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. For purposes of this opinion, "BellSouth" also refers to Southern Bell Telephone and Telegraph Company and BellSouth Advanced Network, subsidiaries of BellSouth.

EDMONDSON, Circuit Judge:

Defendant appeals the district court's upward departure from the sentence prescribed by the Sentencing Guidelines and prohibition on defendant's ownership or unguided use of any personal computer during defendant's period of supervised release. For the reasons that follow, we AFFIRM.

## Background

Defendant Robert Riggs was convicted in North Carolina in 1986 for his unauthorized use of a computer to gain access to BellSouth's Data Network.[1] He was sentenced to 15 days community service and then placed on eighteen months probation, which was completed in 1988.

In February 1990, Riggs was indicted in the Northern District of Georgia for four counts of wire fraud, three counts of access code fraud, and one count of conspiracy—charges that arose from Riggs' involvement with a group of computer "hackers."[2] The group's specialty was breaking into various BellSouth systems, stealing information (such as access codes), disseminating that information to other hackers, and in the process, regularly using unauthorized long distance/data network services.

In April 1990, Riggs was charged with similar crimes in the Northern District of Illinois. Pursuant to Federal Rule of Criminal Procedure 20, the Illinois indictment was transferred to Georgia, where Riggs pled guilty to the Georgia conspiracy charge and to the Illinois wire fraud charges.[3]

At the sentencing hearing, the district court initially calculated Riggs' offense level at 15 and his criminal history level at II, for a guideline range of 21–27 months. The range was reduced to 12–18 months

2. We use the term "hacker" in this opinion to designate people who use computers for illegal activity. The term can also be used to describe legitimate computer users.

3. Riggs also pled guilty to the Illinois indictment's interstate transportation of stolen property counts; these counts were eventually dismissed.

due to Riggs' cooperation with the government. But the district court decided Riggs' recidivism was inadequately represented by Riggs' criminal history category and departed upward to the next criminal history category pursuant to U.S.S.G. § 4A1.3. The departure increased Riggs' guideline range to 15–21 months, and Riggs was sentenced to 21 months imprisonment, followed by two years of supervised release.

As a condition of the supervised release, the court decided that Riggs cannot

own personally or directly have control over a computer of any type for [his] own personal use ... [Riggs] may operate computers under [his] community service situation and in an employment situation where [he is] employed by a third person and [is] being supervised by a third person.... [D]uring the period of [his] supervised release, [Riggs] may not personally use or own a PC or any other kind of computer.

Riggs appeals both the upward departure and the supervised release condition.

### Section 4A1.3 Upward Departure

■ We review sentencing departures in three steps. *United States v. Weaver*, 920 F.2d 1570, 1573 (11th Cir.1991). First, we determine whether the guidelines adequately consider a particular factor so as to preclude a district court from relying upon it as a basis for departure. This legal question is reviewed de novo. Second, we determine if sufficient factual support for the departure exists, a factual finding subject to review for clear error. And finally, we determine if the direction and degree of departure were reasonable. *Id.*

■ The upward departure in this case was prompted by the district court's concern that Riggs' criminal history category did not reflect Riggs' recidivism.[4] Recidivism is "an integral factor in a court's determination of whether an offender's criminal history category ... is appropriate." *Weaver*, 920 F.2d at 1576. The guidelines themselves provide that

[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or *the likelihood that the defendant will commit other crimes,* the court may consider imposing a sentence departing from the otherwise applicable guideline range.

U.S.S.G. § 4A1.3 (emphasis added). So, the district court was not precluded from considering Riggs' increased likelihood of recidivism as grounds for departure, and the first *Weaver* factor is met here.

Riggs, however, argues there is insufficient factual support for a recidivism-based departure. The district court relied on two facts: (1) Riggs' creation, during his North Carolina probation, of a tutorial explaining how to break into certain telephone computer systems and (2) Riggs' continued hacking.

Riggs says the tutorial he wrote is not the kind of "reliable information" that shows recidivist propensity under section 4A1.3. We disagree. The tutorial is no mere diary, but a tool designed to facilitate criminal activity—whether that activity be Riggs' or someone else's. That writing the tutorial was not itself criminal is irrelevant. Nothing in section 4A1.3 limits the reliable information a court may consider to unlawful conduct. Even lawful conduct can be pertinent to recidivism, and we see no clear error in the district court's inference—drawing in this case. That Riggs would author a tutorial facilitating criminal behavior while still under supervision for his own criminal behavior is, we think, indicative of an increased likelihood that Riggs will commit other crimes.

Even more persuasive evidence of Riggs' recidivist tendencies is the similarity of the crimes for which he has been convicted. He "attacked" the same victim in the same way in 1986 and 1989–90; his first conviction did no more than temporarily interrupt these activities. Similarity of offenses has been closely linked to recidivism. *See, e.g.,*

---

4. The court also expressed concern over Riggs' lack of remorse, but tied this attitude to Riggs'

potential recidivism.

*United States v. Chavez–Botello,* 905 F.2d 279, 281 (9th Cir.1990) (permitting upward departure where defendant charged five separate times for being alien in U.S. after deportation); *United States v. DeLuna–Trujillo,* 868 F.2d 122, 125 (5th Cir.1989) (departure under section 4A1.3 warranted where defendant convicted of possessing and conspiracy to possess large amounts of marijuana on two occasions). "The recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense with which he is currently charged, and suggests an increased likelihood that the offense will be repeated yet again." *DeLuna–Trujillo,* 868 F.2d at 125. We see no error in the district court's decision that the similarity of Riggs' offenses also provided factual support for an upward departure based on recidivism.

Riggs raises no challenge to the third *Weaver* factor, reasonableness of direction and degree of departure; the increase was only one criminal history level, or from a 12–18 month range to a 15–21 month range. Because the departure was legally and factually justified and was reasonable, we affirm the district court's decision to depart upward on Riggs' sentence.

### *Conditions of Supervised Release*

 Riggs also appeals the district court's prohibition of his ownership or unsupervised use of a personal computer during his period of supervised release. But the right to object to this condition was waived for lack of a proper objection. *See United States v. Jefferies,* 908 F.2d 1520, 1524 (11th Cir.1990) (declining to decide whether district court's imposition of particular term of supervised release violated plea agreement because defendant did not raise issue in district court).

At the end of the sentencing hearing, the judge asked if there were questions and if counsel had had the "opportunity to perfect every guideline issue that [counsel] could

think of." Record Volume 4 at 79. Riggs' attorney responded, "Under the *Jones* decision,[5] I think we're required to afterwards state any objection, and *my single objection* would be to the upward departure on the criminal history score." *Id.* (emphasis added). Counsel made no objection to the supervised release condition.

In *United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), this court wrote not only that the district court should elicit fully articulated objections following imposition of sentence, but also that

> [w]here the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice.

*Id.* Having invoked the *Jones* decision himself, counsel is now unable to explain satisfactorily why no clear objection to the supervised release condition was made at the appropriate time.

We have reviewed the sentencing transcript and are aware that earlier in the hearing, counsel did speak about the supervised release condition:

> I don't know, obviously, what will happen after my client ends up serving his prison sentence, but I do know that a large number of people who have his capabilities are employed on their own as solo computer programmers requiring that they own their own computer.

Record Volume 4 at 76. The judge then explained that the condition was not meant to "keep [Riggs] from earning a living with his major economic ability. [Instead] [i]t is keeping him from doing that in an unsupervised way." *Id.* And the hearing proceeded.

Counsel identifies this single comment as an objection. But in the absence of additional comments during the hearing and more important, in the light of counsel's

---

**5.** *See United States v. Jones,* 899 F.2d 1097 (11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990).

identification of a single, *different* objection at the end of the hearing, *see supra,* what defense counsel said about computer use would have impressed few sentencing judges as an objection to the condition of supervised release. "Plain talk by lawyers is necessary for clear understanding by judges. Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." *United States v. Reyes–Vasquez,* 905 F.2d 1497, 1500 (11th Cir.1990) (citations omitted), *cert. denied,* —— U.S. ——, 111 S.Ct. 2869, 115 L.Ed.2d 1035 (1991). Because no effective objection was made, we decline to address this issue.[6]

AFFIRMED.

---

**6.** We doubt Riggs' claim has merit; we also think there are alternative means of attempting to modify supervised release conditions. *See,* *e.g.,* 18 U.S.C. § 3583(e). Because the claim has been waived, we need not discuss these questions.