[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10646
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 10, 2005
THOMAS  K. KAHN
CLERK

D.C. Docket No. 02-00019-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE MCMULLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(November 10, 2005)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jermaine McMullen appeals his 151-month sentence, imposed after he pled

guilty to distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(C). On appeal, McMullen argues that the district court erred at sentencing by finding his prior convictions were not functionally consolidated, and therefore not related, for purposes of classifying him as a career offender and enhancing his sentence, under U.S.S.G. § 4B1.1.[1] McMullen also suggests that the overall sentence imposed was not reasonable because the district court did not adequately consider mitigating circumstances in imposing the career-offender enhancement. After thorough review of the record and the parties' briefs, we affirm.

We review for clear error a district court's determination of whether or not prior convictions are related for purposes of U.S.S.G. § 4A1.2. See United States v.

---

[1]As for McMullen's other challenges to the career-offender enhancement, including that the prior convictions were consolidated under Florida law and were part of a common scheme or plan, he asserts these claims for the first time on appeal. For a defendant to preserve an objection to his sentence for appeal, he must raise the issue in "such clear and simple language that the trial court may not misunderstand it." United States v. Riggs, 967 F.2d 561, 565 (11th Cir. 1992). The objection must be clear enough to inform the district court of its legal basis. Id. Where the defendant lodges an objection during the sentencing hearing, but relies on a different legal theory, he has failed to preserve that objection for appeal. See United States v. Reyes-Vasquez, 905 F.2d 1497, 1499-1500 (11th Cir. 1990). Thus, where the appealing party does not clearly state the grounds for an objection in the district court, this Court is limited to reviewing for plain error. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003) (citation omitted). This Court may only correct an error that was not raised in the district court if there is an "error" that is "plain" and that "affects substantial rights." United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776-77, 123 L. Ed. 2d 508 (1993). When the previous three elements are present, this Court should only exercise its discretion to correct an error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. From our review, we discern no plain error based on McMullen's newly asserted challenges to the career-offender enhancement.

2

Hernandez-Martinez, 382 F.3d 1304, 1306 (11th Cir. 2004).[2] We will not find clear error unless our review of the record leaves us "with the definite and firm conviction that a mistake has been committed." United States v. White, 335 F.3d 1314, 1318 (11th Cir. 2003). A district court's determination of whether cases are functionally consolidated, and hence related, is entitled to due deference on review. United States v. Buford, 532 U.S. 59, 64-66, 121 S. Ct. 1276, 1280-81, 149 L. Ed. 2d 197 (2001). We review the sentence finally imposed on a defendant for reasonableness. United States v. Crawford, 407 F.3d at 1174, 1178 (11th Cir. 2005).

The relevant facts are straightforward. After entering a guilty plea, McMullen proceeded to sentencing. The pre-sentence investigation report ("PSI") recommended that McMullen receive an enhanced sentence under U.S.S.G. § 4B1.1 as a career offender based on two prior felony convictions, one for selling cocaine and the other for possessing cocaine with intent to sell it. The first offense occurred on August 12, 1997 and the second on August 23, 1997. McMullen was sentenced for both offenses before the same judge in separate cases on August 28, 1998. Based on McMullen's career-offender status, the PSI set his base offense level at 34. After a 3-point

---

[2]While the Sentencing Guidelines are now advisory under United States v. Booker, 543 U.S. ---, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), they must still be consulted and correctly applied in each case, and we review applications of the Guidelines using the standards we established prior to Booker. See United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005).

reduction for acceptance of responsibility, McMullen's adjusted offense level was 31, which, when combined with a criminal history category of VI, resulted in a Guidelines sentencing range of 188-235 months's imprisonment.

At the sentencing hearing, McMullen objected to the career-offender enhancement, arguing that the two prior felony convictions were related. More specifically, McMullen argued that the prior convictions, although not formally consolidated, were <u>functionally</u> consolidated because all aspects of the offenses -- arrest, arraignment, sentencing and subsequent violation of probation -- were handled simultaneously. Over McMullen's objection, the district court adopted and confirmed the PSI's findings of fact and conclusions of law relating to imposition of sentence.

The district court then gave McMullen the opportunity to present arguments concerning the ultimate sentence to be imposed upon him. McMullen again argued against applying the career-offender enhancement, highlighting the following: (1) the non-serious nature of his prior convictions; (2) his limited mental capacity; and (3) the advisory nature of the guidelines under <u>Booker</u>. The government argued in reply that McMullen's criminal history demonstrated potential danger to the community, that evidence from the PSI showed that he exaggerated his mental problems, that he was "characterized as a malingerer and demonstrating antisocial personality traits," and that a sentence within that range would be appropriate.

The district court concluded that a criminal history category VI overstated the seriousness of McMullen's criminal record: "I'm inclined in this case to be guided by the guidelines and impose, as it were, a guideline sentence, but it does seem to me that the categorization of this defendant as a career offender in criminal history category VI has the result of overstating the seriousness of his prior record and that he should be held accountable for his criminal history points as actually incurred placing him in criminal history category IV." The adjustment of McMullen's criminal history category from a VI to a IV resulted in a Guidelines sentencing range of 151-188 months. The court imposed a sentence of 151 months, followed by a 6-year term of supervised release. This appeal followed.

McMullen argues that the district court erred by refusing to find that his two prior felony convictions for controlled substance offenses were related for purposes of sentencing him as a career offender. More specifically, McMullen contends that his convictions were functionally consolidated, within the meaning of § 4B1.1, when they were sentenced on the same date to run concurrently. We disagree.

The three pre-requisites for career-offender status are: (1) the defendant must be at least eighteen years old at the time of the offense; (2) the charged offense must be a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant must have at least two prior felony convictions of either a crime of

violence or a controlled substance offense. See U.S.S.G. § 4B1.1. The term "two prior felony convictions" is defined in U.S.S.G. § 4B1.2(c), as meaning that the sentences "are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c). "Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b) and (c)." U.S.S.G. § 4A1.2(a)(2).

Prior sentences are considered related if they resulted from offenses that occurred on the same occasion, were part of a single common scheme or plan, or were consolidated for trial or sentencing. U.S.S.G. § 4A1.2, comment. (n.3). We are satisfied that McMullen's offenses, which occurred more than one month apart, and both involved sales of drugs to different undercover investigators, with no evidence that the sales were made to the same person or as part of the same ongoing investigation, did not occur on the same occasion and were not part of a single scheme or plan.

As for McMullen's "functional consolidation" argument, we are not persuaded. We have found that sentences imposed on the same day were not functionally consolidated when they were not subject to a formal consolidation order; they were assigned different docket numbers; the defendant received separate judgments; the same attorney represented the defendant in both cases; and concurrent sentences were imposed. United States v. Smith, 385 F.3d 1342, 1346 (11th Cir. 2004), vacated and

6

remanded on other grounds by <u>Smith v. United States</u>, 543 U.S.___, 125 S. Ct. 1401, 161 L. Ed. 2d 175 (2005), <u>reinstated on remand by</u> <u>United States v. Smith</u>, 416 F.3d 1350 (11th Cir. 2005). Here, like in <u>Smith</u>, McMullen was sentenced to concurrent sentences on the same day for his prior convictions, and was represented by the same attorney in both cases, but received separate judgments under two different docket numbers. Thus, the district court did not clearly err in finding that McMullen's prior controlled substance felony convictions were not functionally consolidated based on the record.

Finally, McMullen asserts his sentence was not reasonable because the district court did not fully consider mitigating circumstances in imposing the career-offender enhancement.[3] Once a district court has accurately calculated the Guidelines range, it "may impose a more severe or more lenient sentence" that this Court will review for reasonableness. <u>Winingear</u>, 2005 WL 207787 at *3; <u>Crawford</u>, 407 F.3d at 1179 (citing <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 767). In adjusting a sentence, district courts need not consider <u>every</u> factor enumerated in 18 U.S.C. § 3553(a) on the

---

[3]As a preliminary matter, to the extent McMullen seeks a greater departure under § 4A1.3, a district court's discretionary decision not to impose a downward departure from the applicable Guidelines sentencing range cannot be reviewed, even after <u>Booker</u>. See <u>United States v. Winingear</u>, --- F.3d ---, 2005 WL 2077087, at *3 (11th Cir. Aug. 30, 2005) ("After <u>Booker</u>, our review of decisions regarding downward departures remains limited. . . . We agree with the Eighth and Tenth Circuits that our precedent similarly remains intact, and, therefore, we lack jurisdiction to review the decision of the district court not to apply a downward departure").

record. Rather, some indication in the record that the court considered appropriate factors in conjunction with the sentence will be sufficient, particularly when the district court imposes a sentence <u>within</u> the Guidelines range. <u>Cf.</u> <u>United States v. Robles</u>, 408 F.3d 1324, 1328 (11th Cir. 2005) (observing that "the more insight a district court can provide us with [on its consideration of the § 3553(a) factors], the better it will be for appellate review, especially when the court sentences outside of the guidelines; however, when a district court sentences within the guidelines, we could not expect a court to do more than was done in this case").

Based on our review, the district court treated the Guidelines as advisory rather than mandatory when McMullen was sentenced, as a result of <u>Booker</u>. The court announced at the outset of McMullen's sentencing hearing that "as recently as three or four days ago the Supreme Court of the United States has held in <u>Booker</u> and <u>Fanfan</u> that the sentencing guidelines should be treated as advisory rather than mandatory in order to preserve the defendant's right to trial by jury in some cases." The court went on to state that "the decision in <u>Booker</u> and <u>Fanfan</u> does not impact this case except with respect to the advisory nature of the sentencing guidelines." Moreover, the district court imposed a sentence on McMullen that was a downward departure from the Guidelines under § 4A1.3, based on the non-serious nature of McMullen's criminal history, and expressly noted McMullen's limited mental

capacity, which is an appropriate factor for consideration under § 3553(a). Finally, the ultimate sentence imposed included a little over 12 years of prison time, which was less than the possibility of nearly 20 years at the high end of the Guidelines range of 188 to 235 months, and significantly less than the statutory maximum of 30 years. See Winingear, 2005 WL 2077087, at *4 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). Based on these considerations, McMullen's sentence was reasonable.

**AFFIRMED.**