[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2008
THOMAS K. KAHN
CLERK

No. 06-14908

_____

D. C. Docket No. 02-00010-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS ANTHONY CRANDALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 19, 2008)**

Before EDMONDSON, Chief Judge, WILSON, Circuit Judge, and ALTONAGA,[*]
District Judge.

PER CURIAM:

_____

[*] Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of
Florida, sitting by designation.

Thomas Crandall appeals his 36-month sentence, imposed upon revocation of his supervised release. He argues, for the first time on appeal, that during sentencing the district court impermissibly considered (1) the leniency of his underlying sentence as originally imposed, and (2) the fact that his underlying sentence was foreshortened for good behavior and his completion of a drug treatment program. Finding that the district court did not commit plain error, we affirm Crandall's sentence.

In 2002, Crandall was sentenced by a federal district court to a prison term of 51 months to be followed by four years of supervised release. After serving approximately 31 months of his underlying sentence, he was put on supervised release, his time in jail reduced for good behavior and for completing the Bureau of Prison's residential drug treatment program. Soon after his release, Crandall sent explicit material to an undercover officer posing as a fifteen-year-old boy, a crime for which he was convicted by a Florida court.

As a result of this conviction, the district court revoked Crandall's supervised release and sentenced him to 36 months' imprisonment. The district court did not find whether his guideline range should be computed based on a Grade A or Grade B violation of his supervised release, concluding that in either case, an above guideline sentence was appropriate. In making this determination,

the district court stated that it considered, in part, the following factors: (1) "the fact that the sentence [Crandall] actually served in federal custody [was] significantly below the guideline range that would otherwise have been computed had [Crandall not been given] the benefit of the doubt on a number of sentencing issues"; and (2) "the foreshortening of the sentence that was originally intended and should have been served by [Crandall]."

Crandall did not take issue with the court's consideration of these factors below. When asked whether Crandall's counsel had any objections to the district court's findings of fact or conclusions of law, counsel responded, "Yes . . . . We would object to the sentence imposed outside the guidelines." The district court then asked counsel whether he would like to elaborate further, to which he responded, "Just that, Your Honor. And we would also say that the court didn't really rule on whether it was [a Grade] A or B [violation], but we would argue it is a [Grade] B violation." At no time below did Crandall mention the two factors he takes issue with on appeal.

Whether the district court relied on an impermissible factor during sentencing is a question of law that we will review *de novo*. *United States v. Williams,* 456 F.3d 1353, 1361 (11th Cir. 2006). However, where a defendant does not clearly state the grounds for an objection before the district court, review on

3

appeal is limited to plain error. *United States v. Zinn,* 321 F.3d 1084, 1087 (11th Cir. 2003).

Crandall did not adequately specify below his objection to the factors relied on by the district court. We have described the specificity required as follows:

> Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal. Thus, if a defendant fails to *clearly* articulate a specific objection during sentencing, the objection is waived on appeal and we confine our review to plain error.

*Id.* at 1087-88 (citations and internal quotation marks omitted) (quoting *United States v. Riggs,* 967 F.2d 561, 564 (11th Cir. 1992)).

In no way did Crandall's objections take issue with the factors relied on by district court when sentencing him, let alone "clearly articulate" any objection to the district court's consideration of the leniency and foreshortening of his underlying sentence. *See Zinn*, 321 F.3d at 1088. Furthermore, Crandall specifically declined the district court's invitation for him to "elaborate further" upon his objection. At best, his objection to the factors, if any, was "so obscurely hinted at[,] that the trial court quite excusably [failed] to grasp it" and, accordingly, we will disturb the judgment only for plain error. *Id.*

An error cannot meet the "plain" requirement of the plain error rule unless it

4

is "clear under current law." *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999). Where "neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." *United States v. Aguillard*, 217 F.3d 1319, 1321 (per curiam) (11th Cir. 2000) (citing *Humphrey*, 164 F.3d at 587).

At the time of sentencing, it was by no means clear under our current precedent that a court could *not* consider the leniency and foreshortening of a defendant's underlying sentence when sentencing him after a revocation of his supervised release.[1] In fact, depending on the circumstances, these two factors may or may not be relevant during the court's inquiry into "the nature and circumstances of the offense," the defendant's "history and characteristics," the need to "afford adequate deterrence," or the need to "protect the public from further crimes." At best, the law of this Circuit was unclear as to whether consideration of the leniency or foreshortening of a defendant's underlying sentence fails to achieve the purposes of § 3553(a), and therefore, the district court

---

[1] When sentencing a defendant upon revocation of supervised release, a court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to afford adequate deterrence, protect the public from further crimes, and provide the defendant with education or training and medical care or treatment; (3) the policy statements in chapter seven of the Sentencing Guidelines; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (providing that the court may revoke a term of supervised release after considering the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

did not plainly err in considering these factors.[2]

**AFFIRM**.

---

[2] To the extent Crandall takes issue with the *substantive* reasonableness of his sentence, we also conclude that Crandall's 31-month sentence was substantively reasonable as it was based on a careful consideration of the relevant § 3553(a) factors and well below the five-year statutory maximum.