[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13360
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00041-SPM-AK-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

MARCELLUS DAWSON,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 3, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Marcellus Dawson appeals his Count Two conviction for soliciting and

accepting bribes, arguing that the district court erred in denying his motion to

dismiss the indictment on the grounds of duplicity. On appeal, Dawson argues that the four overt acts of accepting bribes listed in the Count One conspiracy charge and incorporated by reference to Count Two render the indictment duplicitous, because each act of accepting a bribe constitutes a separate offense on which the jury may have based the conviction. Thus, he contends the jury may have convicted him under Count Two for accepting bribes without unanimously agreeing on the elements constituting the offense.

Under Fed.R.Crim.Pro. 12(b)(3) and (e), a defendant must raise any motion alleging a defect in the indictment before trial, and a failure to do so waives any alleged defect, unless good cause is shown for relief from the waiver or the objection falls within an exception. *See United States v. Seher*, 562 F.3d 1344, 1359 (11th Cir. 2009) (discussing other circuits' holdings that duplicity challenge to an indictment can be waived if not raised before trial).

Dawson waived his objection to the indictment on the grounds that he now seeks to argue on appeal. Before trial, Dawson specifically argued that the duplicity arose from ambiguity as to whether Count Two charged Dawson with violating either 18 U.S.C. § 666(a)(1) (soliciting and accepting bribes) or § 666(a)(2) (giving bribes). After the district court denied the motion to dismiss, Dawson consistently argued during the course of the trial and at charge hearings

2

that Count Two was ambiguous and duplicitous on those same grounds. On appeal, Dawson raises the entirely new argument that the multiple overt acts alleged in Count One and incorporated by reference into Count Two render the indictment duplicitous because the jury could have convicted Dawson under one of four different sets of facts. However, in order to preserve an objection for appeal, a litigant must "raise that point in such clear and simple language that the trial court may not misunderstand it." *Zinn,* 321 F.3d at 1087-88 (*quoting United States v. Riggs*, 967 F.2d 561, 565 (11th Cir.1992)). Thus, Dawson waived this new argument by failing to raise it at the district court and failing to show good cause for relief from the waiver.[1]

---

[1] Furthermore, the district court did not plainly err in denying the motion to dismiss the indictment. An error cannot be deemed plain where "there is no precedent from the Supreme Court or this Court directly resolving" a question of statutory construction. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Neither this Court nor the Supreme Court has spoken on the "allowable unit of prosecution" under § 666(a)(1)(B). As a general rule, the Supreme Court has stated that "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element." *Richardson v. United States,* 526 U.S. 813, 817, 119 S.Ct. 1707, 1710, 143 L.Ed.2d 985 (1999). The unanimity requirement applies to the jury's finding that the government has proved an element of the crime alleged, but not to the question of "which of several possible means the defendant used to commit an element of the crime." *Id.* The requirement under § 666(a)(1)(B) that the defendant solicit or accept "anything of value" does not, by its plain language, define the unit of prosecution according to each individual payment solicited or accepted, as opposed to an alleged broader scheme to solicit or accept bribes. Accordingly, we affirm the Dawson's conviction under Count Two for soliciting and accepting bribes.

**AFFIRMED.**[2]

---

[2]     Dawson's request for oral argument is denied.