[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11901
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00351-TCB-JSA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSIE CLIFFORD DANIELS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 5, 2016)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Jessie Clifford Daniels appeals his 188-month sentence, which was imposed after he pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts 1 & 2) and one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (Count 3).  In arriving at Daniels's sentence, the district court departed upward from criminal history category IV to category VI and also varied upward four offense levels.  This increased Daniels's United States Sentencing Guidelines range from 100–125 months to 188–235 months, and Daniels was sentenced at the lower end of that range.  On appeal, Daniels argues that his total sentence was both procedurally and substantively unreasonable.  After careful review, we affirm.

I.

We review the final sentence imposed by the district court for reasonableness.  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam).  When a defendant alleges that his sentence is procedurally unreasonable because of a sentencing departure, we review the departure for abuse of discretion.  United States v. Hersh, 297 F.3d 1233, 1250 (11th Cir. 2002).  "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based

2

on clearly erroneous facts, or fails to adequately explain the chosen sentence." Gonzalez, 550 F.3d at 1323.

## A.

Daniels argues that the district court's upward departure from criminal history category IV to category VI and four-level variance makes his sentence procedurally unreasonable. Under Guidelines § 4A1.3, a district court may depart upward from a defendant's criminal history category "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1). Once a defendant is in criminal history category VI, the court may make an upward departure by moving to a higher offense level. Id. § 4A1.3(a)(4)(B). "Recidivism is an integral factor in a court's determination of whether an offender's criminal history category . . . is appropriate." United States v. Riggs, 967 F.2d 561, 563 (11th Cir. 1992) (alteration in original) (quotation omitted). When departing upward from criminal history category VI, "the court should consider that the nature of the [defendant's] prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3 cmt. n.2(B).

The district court's upward departure was not procedurally unreasonable. The district court found that Daniels's criminal history was "woefully

underrepresented by the Guidelines." In making the departure, the district court considered the seriousness of Daniels's criminal history, which included two 1989 burglary convictions and a 1990 burglary committed while on probation that resulted in his killing a person. The similarities between his current offense conduct and his criminal history show a likelihood of recidivism. See Riggs, 967 F.2d at 563 (noting that the "similarity of the crimes for which [the defendant] has been convicted" is "persuasive evidence of [] recidivist tendencies"). It was within the district court's discretion to consider the seriousness of Daniels's previous offenses and the upward departure here was not procedurally unreasonable.

B.

Daniels also argues that his sentence is procedurally unreasonable because the district court failed to explain its reasoning or to analyze how the § 3553 factors applied to his case. If the district court imposes a sentence outside the Guidelines range, it must state the specific reason for the imposition of the sentence. 18 U.S.C. § 3553(c)(2). We have clarified that "the justification for the variance must be sufficiently compelling to support the degree of the variance." United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quotation omitted). However, the district court is not "required to articulate [its] findings and reasoning with great detail or in any detail for that matter." Id. at 1195. It is also not required "to state on the record that it has explicitly considered each of the

4

§ 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009) (quotation omitted).  Rather, "[i]t is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account."  Id.  It is also sufficient for the district court to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

The record shows that the district court listened to and considered each party's sentencing arguments.  The district court found that a departure to criminal history category V "[did] not satisfy what we are trying to accomplish . . . and [was] insufficient."  While the district court agreed with the government that a category VI departure was proper, it disagreed with a five-level variance, varying upward only four levels.  The record thus indicates that the district court considered the 210-to-262-month range proposed by the government, but concluded that a 188-to-235-month range was more appropriate.  While brief, the court's statement of reasons for the departure and variance was legally sufficient.

Although the district court did not explicitly discuss each of the § 3553(a) factors, it stated on the record that it had considered them, thus satisfying its procedural requirements.  See Sanchez, 586 F.3d at 936.  On this record, we

conclude that the district court's imposition of a sentence outside the Guidelines range was procedurally reasonable.

## II.

Daniels also argues that his sentence is substantively unreasonable because of impermissible double counting and because his personal characteristics did not justify an upward variance. The district court is charged with "impos[ing] a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." [1] 18 U.S.C. § 3553(a). Generally, we review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). Although the weight to be given to any § 3553(a) factor is within the district court's discretion, "we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). However, we review de novo a defendant's claim that his sentence is substantively unreasonable because of double counting. United States v. Dudley,

---

[1] These purposes include the need for the sentence to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and to protect the public from the defendant's future criminal conduct. See id. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims of the offense. Id. § 3553(a)(1), (a)(3)–(7).

463 F.3d 1221, 1226 (11th Cir. 2006). The party challenging the sentence bears the burden of showing its unreasonableness. Clay, 483 F.3d at 743.

A.

Daniels maintains that double counting occurred in the calculation of his sentence because the enhancements applied under the Guidelines already accounted for the conduct the district court contemplated in making an upward variance. "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." Dudley, 463 F.3d at 1226–27 (quotation omitted). Double counting a factor during sentencing is permitted if the Sentencing Commission intended that result and each Guidelines section at issue "concerns conceptually separate notions relating to sentencing." Id. at 1227 (quotation omitted).

The district court increased Daniels's sentence for robbing a bank, using a knife, and using physical restraint, and also varied upward based on the nature and circumstances of the offense. However, this was not impermissible double counting, which occurs only when one part of the Guidelines accounts for harm already accounted for by another part of the Guidelines. See Dudley, 463 F.3d at 1226–27. In this case, the district court applied Guidelines enhancements based on offense-specific conduct and then varied upward based on § 3553(a)'s mandatory

7

statutory considerations.  Since the § 3553(a) factors that formed the basis of the variance are not Guidelines provisions, they cannot be the basis for a double-counting claim.

B.

Daniels also argues that the upward variance was unjustified given his characteristics and the circumstances of his offense.  "[V]ariances from the advisory guidelines range can sometimes be based on the sentencing judge's disagreement with whether a guideline properly reflects the § 3553(a) factors." United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  When reviewing a sentence outside the Guidelines range, "we may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance."  Gall, 552 U.S. at 51, 128 S. Ct. at 597.

In this case, the district court varied upward because Daniels's Guidelines range "insufficient[ly]" reflected the § 3553(a) factors.  Several § 3553(a) factors support the variance—particularly Daniels's history and characteristics, the need to afford adequate deterrence, and the need to protect the public.  18 U.S.C. § 3553(a)(1)–(2).  The fact that Daniels had previously served twenty years for burglary and involuntary manslaughter and still committed the instant offenses, including one in which he used a knife, was sufficient reason for the district court

8

to vary upward.  Beyond that, the fact that Daniels's sentence is below the applicable statutory maximum is another indicator of reasonableness.  See Gonzalez, 550 F.3d at 1324.  Here, even after the departure and variance, the court's total sentence of 188 months (15.6 years) was well below the 25-year statutory maximum that Daniels faced on Count 3.  See 18 U.S.C. § 2113(d). Since Daniels's sentence meets our test for reasonableness, we affirm.

**AFFIRMED.**