[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12177
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00463-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK JOVAN REVERE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 31, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Derrick Revere appeals his 48-month sentence of imprisonment after pleading guilty to conspiracy to steal, sell, or dispose of government property, in violation of 18 U.S.C. §§ 371 and 641, and resisting or impeding government officers while using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1), (b). On appeal, Revere argues that his sentence above the advisory guideline range of 30 to 37 months is unreasonable.[1]

We review the reasonableness of a sentence, including a sentence above the advisory guideline range, under a deferential abuse-of-discretion standard.[2] *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Tome,* 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing a sentence for reasonableness, we first ensure that the sentencing court committed no significant procedural error before addressing the substantive reasonableness of the sentence under the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A sentence is procedurally unreasonable if

---

[1] In an order entered on December 29, 2015, we dismissed Revere's appeal in part as to the district court's imposition of two sentencing enhancements on the basis of a sentence-appeal waiver in Revere's plea agreement. We allowed the appeal to proceed as to Revere's challenge to his above-guidelines sentence.

[2] We find it unnecessary to address whether, as the government contends, plain-error review applies to Revere's challenge to the procedural reasonableness of his sentence, because Revere is not entitled to relief under our normal standard of review.

2

the district court erred in calculating the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence.  *Id.*  A sentence is substantively unreasonable if it does not achieve the purposes of sentencing stated in § 3553(a).[3]  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008); *see* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)].").

In general, the district court's explanation of its sentence must articulate enough to satisfy this Court that it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).  The district court does not need to explicitly discuss each of the § 3553(a) factors, and its statement that it took into consideration the § 3553(a) factors and the defendant's arguments at sentencing is sufficient.  *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

---

[3] These purposes are retribution, deterrence, incapacitation, and rehabilitation.  *See* 18 U.S.C. § 3553(a)(2).  When sentencing a defendant, the district court also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

When reviewing a sentence outside the guideline range, we consider the extent of deviation from the guidelines and the district court's justifications for the sentence. *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (*en banc*). The district court's justification must be sufficiently compelling to support the degree of the variance. *Id.* at 1186–87. Nonetheless, we may not presume that a sentence outside the guideline range is unreasonable, and we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 1187 (internal quotation marks omitted). In general, we will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks omitted).

Revere's arguments on appeal all relate to the district court's reliance on his extensive criminal history to sentence him above the advisory guideline range. Revere's presentence investigation report ("PSR") reflects that he had over thirty prior convictions and over twenty pending charges. The PSR counted a total of twenty-two criminal history points, well above the thirteen necessary to place him in criminal-history category VI.

At sentencing, after calculating the guideline range, the district court stated that the problem it had with the case was Revere's criminal history. In response to Revere's arguments that his criminal history included primarily minor offenses, the district court explained that the offenses, while "petty," were "not insignificant" and "matter[ed] a lot," and that Revere had not been punished seriously for them. In light of the gravity of Revere's criminal history, the court found that Revere needed to spend more time in prison than recommended by the guidelines so that he would "hopefully get the message that he can't commit crimes and get away with it."

Revere argues that the district court procedurally erred in relying on his criminal history because that factor was already taken into account in his criminal history category and, in turn, his guideline range. He also asserts that, while U.S.S.G. § 4A1.3 authorizes an upward departure based on a defendant's criminal history, the district court did not follow the procedural requirements of that section, nor did the court otherwise adequately explain why his criminal history was not accurately reflected in his guideline range.

Here, Revere has not shown that his sentence is procedurally unreasonable. Nothing prohibits a sentencing court from relying on conduct already accounted for in the calculation of the guideline range when imposing a variance based on the

§ 3553(a) factors.[4]  *United States v. Amedeo*, 487 F.3d 823, 833–34 (11th Cir. 2007) (noting that "exceptional circumstances" in that case justified such reliance); *cf.* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").  Therefore, a sentencing court may impose an upward variance under § 3553(a) when a defendant's criminal-history category fails to adequately reflect the extent or severity of his prior criminal record.  *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1261–63 (11th Cir. 2015) (noting that a defendant's criminal history implicates several of the § 3553(a) factors, and citing cases in which we have affirmed upward variances based in part on defendants' significant criminal histories); *United States v. Shaw*, 560 F.3d 1230, 1240–41 (11th Cir. 2009) (holding that an upward variance of 83 months was reasonable when a defendant had one-and-a-half times the number of points needed to fall within criminal history category VI).

Moreover, the district court adequately explained its reasons for basing an upward variance on Revere's extensive criminal history.  The court stressed that Revere had an extensive number of prior convictions but had not been seriously

---

[4] Revere cites 18 U.S.C. § 3553(b), which significantly restricted courts' ability to sentence defendants outside the guideline range, but that provision was invalidated by *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

punished for them. For that reason, the court explained, Revere needed to serve a lengthier sentence than called for by the guideline range in order to understand that he could not get away with continuing to commit crimes. The court's explanation touched on a number of the § 3553(a) factors, including the nature and characteristics of Revere and the need for the sentence to deter future criminal conduct. The court also addressed Revere's arguments and stated that it had carefully considered the § 3553(a) sentencing factors. As a whole, the court's explanation was more than sufficient to show that it considered the parties' arguments and had a reasoned basis for exercising its sentencing authority as it did. *See Rita*, 551 U.S. at 356, 127 S. Ct. at 2468; *Sanchez*, 586 F.3d at 936.

The district court also did not procedurally err by failing to follow the requirements of U.S.S.G. § 4A1.3, which authorizes a sentencing court to depart upward from the guideline range based on the inadequacy of a defendant's criminal-history category. U.S.S.G. § 4A1.3; *see United States v. Gibson*, 434 F.3d 1234, 1252 (11th Cir. 2006). Under § 4A1.3, when a defendant starts in criminal-history category VI, as Revere did, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level" until the court finds an appropriate guideline range. U.S.S.G. § 4A1.3(a)(4)(B). Revere faults the court for not moving incrementally down the sentencing table in arriving at his above-guidelines sentence.

7

However, the district court was not required to follow § 4A1.3's procedures because the court imposed a variance from the advisory range under § 3553(a) rather than a departure under § 4A1.3. To determine whether the district court applied a variance or a guided departure, we consider whether the court cited to a specific guideline departure provision and whether the court's rationale was based on its determination that the guidelines were inadequate. *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009). In this case, no guideline departure provision was applied or discussed at sentencing, and the court specifically indicated that the guideline range was insufficient. *See id.* Because the court applied a variance and not a departure, the court was not required to follow the procedural requirements of § 4A1.3. *See id.* In sum, Revere has not shown that his sentence was procedurally unreasonable.

Turning to substantive reasonableness, Revere argues that his sentence is excessive because his criminal history—mainly consisting of relatively minor offenses—was accurately reflected in the guideline range and no adequate grounds existed on which to base an upward variance. Giving due deference to the district court, however, we conclude that the court's justification was sufficiently compelling to support the modest upward variance imposed. *See Irey*, 612 F.3d at 1187.

8

Generally speaking, a sentencing court has broad discretion to decide how much weight to give each of the § 3553(a) factors and may attach great weight to one particular factor, so long as the court does not commit a clear error of judgment. *Rosales-Bruno*, 789 F.3d at 1262–63. As a result, "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *Id.* at 1261. In addition, we have recognized that "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Id.* at 1263. These five factors include the nature and circumstances of the offense, the nature and characteristics of the defendant, the need to promote respect for the law, the need to provide adequate deterrence, and the need for the protection of the public. *See id.* at 1262–63.

Here, Revere's sentence is substantively reasonable. As recounted above, Revere had twenty-two criminal-history points, well above the thirteen necessary to place him in criminal-history category VI. *See id.* at 1263 (referencing cases in which we have affirmed substantial upward variances based on a defendant's significant criminal history). Moreover, several of Revere's prior convictions were for the same types of crimes as the instant offenses, additional pending offenses remained unaccounted for in his guideline range, and the court found that Revere's prior punishments had not been adequate to deter him from committing additional

9

offenses.   These facts about Revere's criminal history go beyond what was accounted for in his criminal-history category and guideline range, and they support the district court's decision to impose an upward variance.   Under these circumstances, we cannot say it was unreasonable for the district court to determine that a sentence above the guideline range was necessary to deter Revere from future criminal conduct.   *See, e.g.*, *United States v. Riggs*, 967 F.2d 561, 563 (11th Cir. 1992) ("Similarity of offenses has been closely linked to recidivism.").

For these reasons, Revere has not shown the district court exceeded the range of reasonable sentences under the totality of the circumstances.   *See Irey*, 612 F.3d at 1190.   For these reasons, we affirm Revere's total sentence of 48 months of imprisonment.

**AFFIRMED.**