[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10500
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00121-GKS-DCI-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK WILLIE SMITH,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 10, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Patrick Smith appeals his sentence of 188 months of imprisonment for being a convicted felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Smith argues that the district court failed to elicit objections after imposing Smith's sentence, as required by *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (en banc). Smith also argues, for the first time, that he did not have the requisite number of predicate felonies to enhance his sentence under the Armed Career Offender Act because his three prior drug convictions were temporally indistinguishable. *See* 18 U.S.C. § 924(e). We affirm.

No *Jones* error occurred. Under *Jones*, the district court is required "to elicit fully articulated objections, following imposition of sentence, to [its] ultimate findings of fact and conclusions of law." *Jones*, 899 F.2d at 1102. The district court asked Jones whether there was "anything you'd like to state to the Court now that you have been sentenced," and Jones responded, "as far as my appeal process . . . I feel as though my enhancement was unconstitutional and brought to my right to due process[.]" *See United States v. Neely*, 979 F.2d 1522, 1523 (11th Cir. 1992). The district court next inquired if counsel had "anything [they] would like to add at this time" and, after defense counsel responded negatively, the prosecutor "request[ed] . . . [to] incorporate forfeiture in the judgment and conviction." These responses reflect that the parties understood that they were being invited to object

2

to Smith's sentence. *See United States v. Ramsdale*, 179 F.3d 1320, 1324 n.3 (11th Cir. 1999). The district court complied with *Jones*.

Smith's objection did not apprise the district court that he was disputing whether his drug offenses were temporally distinct. To preserve an issue for appeal, a defendant must "raise that point in such clear and simple language that the trial court may not misunderstand it." *United States v. Riggs*, 967 F.2d 561, 565 (11th Cir. 1992). Because Smith "fail[ed] to clearly state the grounds for [his] objection in the district court, . . . we are limited to reviewing for plain error." *See United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). Under that standard, Smith must prove that an error occurred that was plain and that affects his substantial rights. *See United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). 'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if [] the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005)).

The district court did not plainly err by enhancing Smith's sentence. Smith admitted to the facts contained in his presentence investigation report when he and his attorney each replied "No, sir," when asked if "there [is] anything regarding the contents of the report that you would like to place on the record." *See United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). The presentence report stated that

3

Smith had prior convictions for serious drug offenses for which he was arrested on February 24, 1998, June 12, 1998, and October 23, 2000. *See* 18 U.S.C. 924(e); *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010). And the district court stated that Smith's sentence was based on the information in his presentence report, which catalogued "35 prior convictions" and provided "an offense level of 30[ and] a criminal history category VI with an imprisonment range from 180 months to 210 months" because "under the statute [he faced] a mandatory minimum 15 years." *See Shelton*, 400 F.3d at 1330 (holding under plain-error review that the district court did not err under the Sixth Amendment because the defendant admitted to the drug quantities during his change of plea and sentencing hearings and did not object to the factual accuracy of his presentence report). The district court did not plainly err by relying on the uncontested facts in Smith's presentence report to sentence him as an armed career offender.

We **AFFIRM** Smith's sentence.

4